# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| PGI INVESTMENTS, LLC, | CASE NO. 12CV2081 JLS (WMc) |
|---|---|
| Plaintiff, | **ORDER (1) SUA SPONTE REMANDING CASE AND (2) DENYING PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME ON MOTION TO REMAND AND/OR REQUEST FOR IMMEDIATE RULING AS MOOT** |
| vs. | |
| ERNESTO ECHAVE, | |
| Defendant. | (ECF No. 2) |

Plaintiff PGI Investments, LLC ("PGI") filed an unlawful detainer action against Defendant Ernesto Echave ("Echave") in the Superior Court of California for the County of San Diego on June 15, 2012. (*See* Notice of Removal Ex. A, ECF No. 1-2 ("UD Compl.")) On August 23, 2012, Echave, proceeding pro se, removed the case to this Court. (Notice of Removal, ECF No. 1) PGI subsequently filed an Ex Parte Application for an Order Shortening Time on Motion to Remand and/or Request for Immediate Ruling. (Ex Parte Appl., ECF No. 2)[1] For the following reasons, the Court finds that Echave's removal of this case was improper and *sua sponte* remands the case to the Superior Court of California for the County of San Diego.

//

---

[1] The Court notes that as of the date of this Order, no motion to remand has been filed.

1   In cases "brought in a State court of which the district courts of the United States have
2   original jurisdiction," a defendant may remove the case to federal district court.  28 U.S.C.
3   § 1441(a).  However, courts "strictly construe the removal statute against removal jurisdiction."
4   *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  Therefore, "[f]ederal
5   jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."
6   *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  The
7   removing party bears the burden of establishing that federal subject matter jurisdiction exists.
8   *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  The district court's subject
9   matter jurisdiction encompasses federal question jurisdiction and diversity jurisdiction, and the
10  Court discusses each of these in turn.

11   To determine whether federal question jurisdiction exists, the Court looks to the plaintiff's
12  complaint.  *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002).
13  The Court does not consider the defendant's answer, defenses, or counterclaims.  *Id.* 831.  In this
14  case, PGI's underlying cause of action is for unlawful detainer filed under California law.  (*See*
15  UD Compl., ECF No. 1-2)  Echave does not contest this and argues instead that removal is proper
16  because due to PGI's insufficient notice of foreclosure she "was denied substantive due process
17  pursuant to Fed. Code of Civ. Proc. Rule 4, and the Due Process Clause(s) of the 5th and 14th
18  Amendments."  (Notice of Removal 2, ECF No. 1)  Even assuming Echave's allegations are true,
19  any such defenses or counterclaims do not enter into the determination of whether removal is
20  appropriate.  Consequently, there is no federal question basis for removal.

21   There is also no basis for diversity jurisdiction in this case.  Diversity jurisdiction requires
22  that the plaintiff and defendant be of different citizenship and that the amount in controversy
23  exceed $75,000.  28 U.S.C. § 1332.  The caption of PGI's complaint indicates that the amount
24  demanded is "under $10,000."  (UD Compl. 1, ECF No. 1-2)  The complaint further states that the
25  judgment sought is $600, "in addition to damages for the use and occupancy of the subject
26  premises," at $71.66 per day.  (*Id.* at 3)  Thus, the Court can find no basis to support Echave's
27  conclusory assertion that "the amount of damages which would be sustained by Defendant would
28  exceed $75,000.00 exclusive of interest and costs."  (Notice of Removal 2, ECF No. 1)  Because at

least one of the two requirements for diversity jurisdiction is not met, there is no diversity jurisdiction basis for removal.[2]

Echave fails to establish that this Court has subject matter jurisdiction over the matter. Thus, this matter is **REMANDED** to the Superior Court of California for the County of San Diego.  PGI's ex parte motion to shorten time is **DENIED AS MOOT**.  The Clerk shall close the file.

**IT IS SO ORDERED**.

DATED:  August 28, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[2] PGI additionally points out that removal may not be timely. (Decl. of Patricia H. Tirey ISO Ex Parte Appl. ¶ 7, ECF No. 2-1)  The Court makes no comment on the timeliness of Echave's removal, however, as the Court cannot consider the timeliness of removal *sua sponte*, *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003), and PGI has not filed a motion to remand.